

# SEALED

**Office of the United States Attorney**
District of Nevada
501 Las Vegas Boulevard, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336

DANIEL G. BOGDEN
United States Attorney
District of Nevada
KATHRYN C. NEWMAN
Assistant United States Attorney
Nevada Bar No. 13733
501 Las Vegas Boulevard South
Suite 11000
Las Vegas, Nevada 89101
702-388-6336
Fax: 702-388-6418

Counsel for Plaintiff United States

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFREY WHITTLE, and<br>BRIAN VANDERBURGH,<br><br>Defendants. | SEALED CRIMINAL INDICTMENT<br><br>Case No.: 2:16-cr- 228<br><br>VIOLATIONS:<br><br>18 U.S.C. § 1349 – Conspiracy To Commit Mail Fraud and Wire Fraud<br><br>18 U.S.C. § 1343 – Wire Fraud |

**THE GRAND JURY CHARGES THAT:**

### COUNT ONE
**Conspiracy To Commit Wire Fraud**

1. From in or about November 2010, to in or about June 2011, in the State and Federal District of Nevada,

**JEFFREY WHITTLE and BRIAN VANDERBURGH,**

1

defendants herein, did knowingly and willfully combine, conspire, and agree with each other and others known and unknown to transmit and cause to be transmitted by means of wire communications in interstate commerce documents and information for purposes of executing a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1343.

<u>The Objective of the Conspiracy and Scheme To Defraud</u>

2. The objective of the conspiracy and scheme was for the defendants and their coconspirators to obtain money and property from Acquest Vegas, LLC, for construction services that were not performed.

<u>Manner and Means</u>

3. The manner and means by which the objective of the conspiracy was accomplished include, but were not limited to, the following:

a. The United States sought to build an outpatient clinic in Las Vegas, Nevada to service veterans. Acquest Vegas, LLC, a developer, won the contract. Acquest hired Defendant Brian Vanderburgh to act as the Project Manager on the project. Acquest subctrontacted the construction to Recreational Development Company ("RDC"), who acted as the General Contractor on the project. RDC and Acquest had a "cost plus" fee arrangement for RDC's services.

b. RDC hired subcontractors to perform work on the contract. The subcontractors included Top Notch Services, LLC and Williams Waterproofing. Periodically, RDC would aggregate the invoices it received and submit a Pay Application to Acquest, seeking reimbursement for work completed on the project.

c. Defendant Jeffrey Whittle was a Managing Member of RDC.

   d. Defendant Brian Vanderburgh, as the Project Manager for Acquest, was responsible for monitoring progress of construction and ensuring that the work certified as complete on the pay applications was in fact complete. Vanderburgh controlled a company called VDB Consulting and was the sole authorized signor on VDB Consulting's bank account.

   e. The defendants and their co-conspirators created and caused to be created false and fraudulent invoices from subcontractors Top Notch and Williams Waterproofing, which sought payment for work that had not in fact been done on the project. The fraudulent invoices were bundled with other, legitimate invoices and submitted for payment to Acquest. Defendant Whittle, or one of his co-conspirators, signed the Pay Applications that included the fraudulent invoices. Defendant Vanderburgh authorized their payment on behalf of Acquest by sending an interstate email from his offices in Nevada to Acquest's offices in New York.

   f. As a result of the fraudulent invoices and the authorizations and certifications by the co-conspirators, Acquest issued payment on the invoices. The payments went to an escrow company, Nevada Construction Services (NCS) by interstate wire from Acquest's bank account at Wells Fargo to NCS's account with MetLife.

   g. NCS then wrote checks to RDC for payment on the invoices. RDC deposited the checks and Defendant Whittle or his co-conspirators signed the checks to VDB Consulting Services. Defendant Vanderburgh deposited the funds in his VDB Consulting account for his own use. On at least eight different occasions the amount of the check written by RDC to VDB Consulting was the exact same amount as the fraudulent invoices submitted to Acquest and authorized by Defendant Vanderburgh.

   h. The defendants created $151,445 in fraudulent invoices from Top Notch and $129,620 in fraudulent invoices from Williams Waterproofing. Before the fraud was discovered by Acquest, RDC and Defendant Whittle disclosed the fraudulent Top Notch invoices and returned

the fraudulently acquired proceeds through off-sets to the contract. RDC and the co-conspirators never disclosed or returned the $129,620 fraudulently obtained through falsified Williams Waterproofing invoices.

4. In all of the aforementioned actions, the defendants acted with the intent to defraud. All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO TO FOUR
### Wire Fraud

1. . The allegations set forth in paragraphs 1 through 4 of Count One of this Indictment are re-alleged and incorporated herein as if set forth in full.

2. From in or about November 2010, to in or about June 2011, in the State and Federal District of Nevada,

**JEFFREY WHITTLE and BRIAN VANDERBURGH,**

defendants herein, did devise and intend to devise and participate in a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises.

3. On or about the dates identified below, in the State and Federal District of Nevada for the purpose of executing and attempting to execute the scheme and artifice to defraud and to obtain money and property, defendants did knowingly transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce certain signs, signals, and sounds identified below, with each wire communication constituting a separate violation of Title 18, United States Code, Section 1343.

4

| Count | Date | Wire |
|---|---|---|
| 2 | 1/21/11 | Wire from Acquest Vegas's account with Wells Fargo in the amount of $849,537 to Nevada Construction Services' escrow account with MetLife |
| 3 | 3/2/11 | Wire from Acquest Vegas's account with Wells Fargo in the amount of $1,044,471 to Nevada Construction Services' escrow account with MetLife |
| 4 | 3/29/11 | Wire from Acquest Vegas's account with Wells Fargo in the amount of $870,982 to Nevada Construction Services' escrow account with MetLife |

## FORFEITURE ALLEGATION ONE
Wire Fraud and Conspiracy to Commit Wire Fraud

1. The allegations contained in Counts One through Four of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c).

2. Upon conviction of any of the felony offenses charged in Counts One through Four of this Criminal Indictment,

**JEFFREY WHITTLE and BRIAN VANDERBURGH,**

defendants herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1343, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B), or Title 18, United States Code, Section 1349, conspiracy to commit such offense, an in personam criminal forfeiture money judgment including, but not limited to, at least $281,065.

If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants -

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendants for the in personam criminal forfeiture money judgment including, but not limited to, at least $281,065.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 1343; Title 18, United States Code, Section 1349; and Title 21, United States Code, Section 853(p).

**DATED:** this 27th day of July, 2016.

**A TRUE BILL**

                                               /S/
                               FOREPERSON OF THE GRAND JURY

DANIEL G. BOGDEN
United States Attorney

*[signature]*

KATHRYN C. NEWMAN
Assistant United States Attorney